# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                               **Case No. 08-CR-307**

**ADRIAN HARPER**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Adrian Harper with possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and the case is currently scheduled for trial. Before me is the government's motion in limine seeking a ruling on the admissibility of certain evidence. First, the government seeks permission to introduce the hearsay statement of an unidentified bystander-witness. Second, if defendant testifies, the government seeks permission to impeach him with his prior felony convictions. Defendant opposes both requests.

## I. BYSTANDER STATEMENT

### A. Background

According to the government, on September 17, 2008, at about 1:50 a.m., two Milwaukee police officers conducting surveillance outside a nightclub heard multiple gunshots. One of the officers saw smoke emanating from the window of a truck about fifteen feet away. The truck took off at a high rate of speed, and as the officers made a u-turn to follow, a woman yelled at the officers, "There they go right there; that's the one," as she pointed to the truck. The woman was walking in the middle of the street, right behind where the truck was stopped

when the shots were fired.[1]

The government seeks admission of the woman's statement as either a present sense impression, Fed. R. Evid. 803(1), or an excited utterance, Fed. R. Evid. 803(2). Defendant responds that the statement is not relevant, qualifies as neither a present sense impression or an excited utterance, and that its admission would violate his confrontation rights.

**B.    Analysis**

**1.    Relevance**

Defendant argues that the bystander's statement is not relevant because the purpose of the trial is not to determine whether the police had grounds to stop the truck. He indicates that he will stipulate that a firearm was found in the truck; the only issue for trial is whether he possessed that gun; and the bystander's statement has no tendency to make the existence of that disputed fact more or less probable. See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

The government indicates that its theory in this case is that defendant possessed the gun when he fired shots out the window of the truck.[2] The government does not intend to

---

[1] The government indicates that the officers pursued the truck, stopped it and removed the two occupants. When the passenger, later identified as defendant, exited the vehicle, spent ammunition casings fell to the ground. Officers recovered additional spent casings and a Taurus .357 magnum revolver in the middle of the bench seat of the truck. The driver denied possessing the gun.

[2] The government indicates that it will at trial introduce testimony that defendant made a jail-house confession to a pod-mate that he fired the gun into the air while traveling in the truck.

2

prove its case simply by establishing that the gun was in the truck. The bystander's statement helps to prove, not that there was a firearm in the truck, but that someone (defendant or the driver) fired shots from the truck. This, in turn, helps to establish that defendant actually possessed the firearm.

To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable; it need only to some degree advance the inquiry. Thompson v. City of Chicago, 472 F.3d 444, 453 (7th Cir. 2006). "This is not a difficult standard to meet." United States v. Brisk, 171 F.3d 514, 525 (7th Cir. 1999). I find that the bystander's statement has a tendency to prove that defendant possessed the gun by firing it from the truck. Cf. United States v. Canady, 578 F.3d 665, 671 (7th Cir. 2009) ("[I]f the parties contest whether Canady possessed the gun in the SUV, evidence that he was seen with (and may have used) the gun minutes beforehand increases the likelihood that he possessed the gun in the car.").

### 2. Hearsay Exceptions

#### a. Present Sense Impression

Federal Rule of Evidence 803(1) permits the introduction of a hearsay statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." A statement may be admitted under this Rule if: (1) the statement describes an event or condition without calculated narration; (2) the speaker personally perceived the event or condition described; and (3) the statement was made while the speaker was perceiving the event or condition, or immediately thereafter. United States v. Ruiz, 249 F.3d 643, 646 (7th Cir. 2001).

3

The bystander's statement may be admitted under this Rule. The proffered facts indicate that the woman, who was standing right behind the truck, made the statement immediately after she observed the shots being fired, and her brief statement contains no "calculated narration." Defendant argues that the statement does not describe "the event," i.e. the shots being fired, but rather pertained to what happened afterward. But the woman described her present perception of the shots by stating "that's the one," and her perception of the truck from which they came by stating "there they go right there" as she observed the vehicle driving away.

In any event, courts have not demanded the sort of strict contemporaneousness defendant would require. For example, in United States v. Thomas, 453 F.3d 838 (7th Cir. 2006), the court admitted under Rule 803(1) a 911 call, in which the caller stated "[t]here's a dude that just got shot," and "the guy who shot him is still out there." Later in the call, the caller stated that "[t]here is somebody shot outside, somebody needs to be sent over here, and there's somebody runnin' around with a gun, somewhere." Id. at 844. In United States v. Campbell, 782 F. Supp. 1258 (N.D. Ill. 1991), a 911 caller told a police dispatcher that a shooting just occurred in a drug store and described the general appearance and clothing of the alleged assailant. The court admitted the statement, even though it occurred after the shooting was complete. The court noted that "precise contemporaneity" often is impossible and that a slight time lapse between the event and the statement is allowable. Id. at 1260-61; see also United States v. Mejia-Valez, 855 F. Supp. 607, 613 (E.D.N.Y. 1994) (admitting two 911 calls indicating that there had been a shooting and providing the location and a description of the alleged assailant).

4

**b. Excited Utterance**

Federal Rule of Evidence 803(2) permits the introduction of a hearsay statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." A statement may be admitted under this Rule if: (1) a startling event occurred; (2) the declarant made the statement while under the stress of excitement caused by the startling event; and (3) the declarant's statement relates to the startling event. United States v. Wesela, 223 F.3d 656, 663 (7th Cir. 2000).

The bystander's statement may also be admitted under this Rule. The shots fired from the truck on a public street qualify as a startling event. The government indicates that the officer will testify that the woman gestured excitably towards the truck, spoke in an almost frantic tone, and her facial expression was one of surprise and fear. Defendant again argues that the statement does not relate to the event (the shots) but rather to what occurred thereafter. His analysis is again too cramped. The woman's statement "that's the one" relates to the shooting, and her statements "there they go right there" relates to the truck from which the shots emanated.

It is also worth noting in this regard that the "excited utterance exception allows a broader scope of subject matter coverage than does the present sense impression exception." United States v. Moore, 791 F.2d 566, 572 (7th Cir. 1986). Under Rule 803(2), if the subject matter of the statement would likely be evoked by the event, the statement may be admitted, even if it goes beyond a mere description of the event. Id. Courts have admitted similar statements under the excited utterance exception. See, e.g., Thomas, 453 F.3d at 844 (admitting as an excited utterance a 911 call indicating that someone had been shot and that the shooter was outside running around with a gun); Reid v. Fischer, No. 00-CV-3054, 2003

5

WL 23185754, at *13 (E.D.N.Y. Oct. 24, 2003 (Weinstein, J.) (holding that the trial court properly admitted as an excited utterance a witness statement implicating the defendant in a shooting made immediately after the shooting and virtually while the witness was fleeing the scene of the shooting); Mejia-Valez, 855 F. Supp. at 614 (admitting as excited utterances 911 calls reporting shooting and describing assailant); Campbell, 782 F. Supp. at 1262 (admitting under the excited utterance exception a tape recording of a police officer's statements to the dispatcher during his attempt to apprehend shooting suspect); see also United States v. Harper, No. 05-CR-6068L, 2009 WL 140125, at *3 (W.D.N.Y. Jan. 20, 2009) (collecting cases).

### 3. Confrontation Clause

Having concluded, based on the government's proffer, that the bystander's statement is relevant and admissible, I turn to the issue of whether admission of the statement would nevertheless violate defendant's rights under the Sixth Amendment's Confrontation Clause. The Clause forbids admission of out-of-court, testimonial statements, unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 53-54 (2004). The crucial issue here is whether the bystander's statement is "testimonial."

In Davis v. Washington, 547 U.S. 813, 822 (2006), the Court explained that:

> Statements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

Under this test, the bystander's statement is non-testimonial. She made the statement spontaneously, rather than in response to police questioning, and it appears that her purpose

6

in making the statement was to assist the officers responding to the ongoing emergency presented by a fleeing suspect who just fired shots on a crowded public street.

Defendant contends that the emergency situation presented by the shots being fired had ended when the bystander identified the truck containing the shooter; he argues that her statement instead proved a past event relevant to a later criminal prosecution. I disagree. At the time the bystander spoke, the shooter was still on the scene; it was certainly possible that he might fire again; and the truck then started to flee at a high rate of speed, creating further danger. Further, the statement – "there they go right there" – pertained to events as they were happening. See Davis, 547 U.S. at 827 (finding non-testimonial statements to a 911 operator describing events as they were actually happening, rather than describing past events).

Defendant cites no case finding similar statements testimonial, and I have found none. See, e.g., United States v. Dodds, 569 F.3d 336, 340-41 (7th Cir.) ("In this case, the police were responding to a 911 call reporting 'shots fired' and had an urgent need to identify the person with the gun and to stop the shooting. The witness's description of the man with a gun was given in that context, and we believe it falls within the scope of Davis."), cert. denied, 130 S. Ct. 523 (2009); Thomas, 453 F.3d at 844 (finding non-testimonial a 911 call reporting a shooting and indicating that the shooter "was still out there"); see also United States v. Clemmons, 461 F.3d 1057, 1060-61 (8th Cir. 2006) (holding that shooting victim's statements to police officer that the defendant had shot him were non-testimonial). Therefore, I will grant the government's motion pertaining to the bystander statement.

## II. DEFENDANT'S PRIOR CONVICTIONS

Under Fed. R. Evid. 609(a)(1), a defendant may be impeached by evidence of his prior felony convictions "if the court determines that the probative value of admitting this evidence

7

outweighs its prejudicial effect to the accused." Rule 609(b) generally imposes a ten-year time limit on such convictions, measured from the date of the conviction or of the release of the defendant from the confinement imposed for that conviction, whichever is later, to the start of the trial. See United States v. Watler, 461 F.3d 1005, 1008-09 (8th Cir. 2006) (collecting cases).

In the present case, the parties stipulate that defendant has four prior felony convictions: (1) battery by a prisoner on August 23, 1995, for which he was sentenced to five years in prison and released on May 11, 1999; (2) manufacture/delivery of cocaine on August 30, 2001; (3) vehicle operator flee/elude police officer on September 25, 2006; and (4) possession of THC – second offense on November 23, 2006. If defendant testifies, the government indicates that it wishes to attack his credibility with evidence of these convictions. I first note that, according to the parties' stipulation, defendant was released from the battery sentence more than ten years prior to the commencement of this trial. Thus, absent the presentation of specific facts and circumstances demonstrating that the probative value of this conviction "substantially outweighs its prejudicial effect," Fed. R. Evid. 609(b); see United States v. Redditt, 381 F.3d 597, 601 (7th Cir. 2004) (explaining that the purpose of Rule 609(b) is to ensure that convictions over ten years old will be admitted very rarely and only in exceptional circumstances), this conviction will not be admitted.[3] However, I will permit the government to impeach defendant with evidence of the other three felony convictions.

---

[3] The government filed the instant motion on April 8, 2009, prior to the expiration of the ten-year period for this conviction. However, on April 27, 2009, the judge previously assigned to this case adjourned the trial; he later recused himself, and the matter was re-assigned to me in August 2009. The trial is now set for April 19, 2010. For purposes of Rule 609(b), the ten-year time limit runs to the date that the trial begins (if not the date of the witnesses's testimony). Watler, 461 F.3d at 1008-09.

8

The Seventh Circuit has established a five-part test to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing United States v. Mahone, 537 F.2d 922 (7th Cir. 1976)). Although none of defendant's prior convictions go directly to his truthfulness (e.g., they do not involve fraud or false statements), the remaining Mahone factors favor admission.

The convictions are all fairly recent in time, occurring in 2001 and 2006. None are similar to the charged crime; thus, admission of defendant's prior convictions for drug possession and delivery, and fleeing an officer will not suggest to the jury that defendant has a propensity to possess firearms. Further, it appears that defendant's credibility will be a significant issue in this case. Presumably, he will testify that he never possessed the firearm found in the truck, which is the ultimate issue for the jury to decide. Thus, the value of impeachment evidence is increased. Finally, I note that the prejudice to defendant is decreased by the nature of the charge; because he is charged with being a felon-in-possession of a firearm, the jury will learn that he is a felon whether or not the government impeaches him with his prior convictions. See Montgomery, 390 F.3d at 1015. It is true that this case involves three prior convictions, which may increase the possibility of prejudice. However, given the importance of the credibility issue, the probative value outweighs the prejudicial effect. I will, in order to reduce the possibility of prejudice, give an appropriate limiting instruction to the jury. See id. at 1015-16 (affirming use of six prior convictions to impeach the defendant in a felon-in-

9

possession case where credibility was important and the district court gave a limiting instruction); United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993) (admitting four prior convictions for impeachment purposes in a felon-in-possession case given the importance of the defendant's testimony and the centrality of the credibility issue, where the court gave a limiting jury instruction); see also United States v. Smith, 131 F.3d 685, 687 (7th Cir. 1997) (admitting evidence of prior convictions for robbery, armed robbery, kidnaping and attempted sexual assault in a bank robbery case).

Defendant argues that his prior convictions did not involve acts of dishonesty and thus say little about his veracity.[4] The nature of the prior conviction is just one factor for the court to consider; Rule 609(a)(1) allows the introduction of any prior felony conviction so long as the probative value outweighs the prejudicial effect; it is not limited to crimes involving dishonesty or deceit. See United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977). Defendant further argues that admission of his 2006 fleeing conviction would be prejudicial because it is similar to the facts of this case. But defendant is charged here with possessing a firearm, not fleeing from the police. And, based on the proffered facts, the government will not argue that defendant operated the truck and fled from the police; rather, he was the passenger. Thus, I see no significant similarity between that case and this one. Finally, defendant argues that admitting his 2006 marijuana conviction would be prejudicial because one of the AUSA's assigned to this case sentenced him in that case while serving as a state court trial judge. The

---

[4] He specifically argues that his 1995 battery by a prisoner conviction carries little impeachment value because crimes of violence generally have limited probative value regarding a witness's character for truthfulness; he also notes the age of this conviction and the increased prejudicial effect because he committed this crime while incarcerated. Because this conviction now falls outside the ten-year window, I need not address these specific arguments.

10

identity of the sentencing judge will not be presented to the jury, so there is no danger that the jury will come to believe that this prosecution carries a judicial imprimatur. See United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006) (indicating that the government should limit its inquiry to the name, the date and the disposition of the prior felony).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion is limine in granted.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge