# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ADRIAN HARPER**
       **Petitioner-Defendant**

   v.                                                            **Case No. 08-CR-307**

**UNITED STATES OF AMERICA**
       **Respondent-Plaintiff.**

## ORDER

A jury convicted petitioner Adrian Harper of possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and on August 12, 2010, I sentenced him to 200 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA requires a sentence of at least 15 years in prison; a felon in possession of a firearm otherwise faces a range of 0-10 years in prison. 18 U.S.C. § 924(a)(2). The Seventh Circuit affirmed petitioner's conviction and sentence on direct appeal. United States v. Harper, 662 F.3d 958 (7th Cir. 2011). Petitioner then moved to vacate his conviction under 28 U.S.C. § 2255, but I denied that motion, and the Seventh Circuit denied a certificate of appealability.

After the Supreme Court found the ACCA's "residual clause" unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2015), petitioner and the government filed a joint application seeking authorization for a second § 2255 motion. Because Johnson announced a new substantive rule of criminal law made retroactive to cases on collateral review, see Price v. United States, No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015), the Seventh Circuit granted the application and authorized me to consider the proposed Johnson claim.

In his second § 2255 motion, petitioner notes that his ACCA designation was based on

prior convictions of (1) battery by a prisoner, (2) delivery of cocaine, and (3) vehicular fleeing. At the time of his direct appeal, fleeing qualified as a violent felony under the ACCA's residual clause. See Sykes v. United States, 131 S. Ct. 2267 (2011); United States v. Dismuke, 593 F.3d 582 (7th Cir. 2010). In Johnson, however, the Court found the ACCA's residual clause unconstitutionally vague. The parties agree that petitioner no longer qualifies as an armed career criminal because his fleeing conviction cannot be counted as a predicate. With the ACCA inapplicable, petitioner's current sentence of 200 months is "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

**THEREFORE, IT IS ORDERED** that petitioner's second § 2255 motion (R. 116) is **GRANTED**, and his sentence is **VACATED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **RE-SENTENCING** on **Friday, November 13, 2015, at 1:30 p.m.**

**IT IS FURTHER ORDERED** that on or before **October 21, 2015**, the probation office file an update to the PSR calculating the guidelines without the ACCA designation. The report shall also include proposed conditions of supervised release, see United States v. Thompson, 777 F.3d 368 (7th Cir. 2015), and a statement of defendant's conduct and performance in prison.

**FINALLY, IT IS ORDERED** that the parties file any sentencing motions, memoranda, or other supporting materials on or before **November 6, 2015**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge